THOMAS MENEES *v.* BAILEY JOHNSON *et al.*

SEPARATE ESTATE. *Charge upon. Statute of limitations.* A charge in writing by a married woman of a valid debt on her separate estate, with a provision that if the debt be not paid before her death, it shall be and remain a charge thereon and shall be paid out of her estate by her executor, is binding on the estate although not executed' by a proper privy examination, and the statute of limitations does not begin to run during the life time of the *feme.*

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

SMITH & ALLISON for complainant.

J. P. HELMS for defendants.

36—VOL. 12.

COOPER, J., delivered the opinion of the court.

Bill by a creditor to administer as insolvent the estate of Caroline Johnson, who died intestate in 1879. The defendant, Helen M. Shaw, qualified as administratrix, the personal assets being insufficient to pay the ordinary expenses of administration. The only question presented by the record is whether certain claims of Helen M. Shaw against the estate are barred by the statute of limitations. The chancellor held that they were barred, and she appealed.

Helen was a daughter of the intestate. On March 12, 1864, she loaned her mother, then a *feme sole*, $700, and took her note therefor at six months. On May 12, 1864, she loaned her mother the additional sum of $400, and took her due bill therefor. In 1865 the mother intermarried with Bailey Johnson, first making an ante-nuptial contract in writing by which he "was to have nothing to do with, or interest in any of her property." The contract has been lost, its substance being proved by the surviving husband. On March 23, 1870, Caroline Johnson, the mother, executed to Helen, the daughter, a written instrument, by which, after reciting the fact of the making of the two notes as above, and that she had paid $100 on one of them, she continues thus: "Now, I therefore charge the payment of the said one thousand dollars, with the interest thereon, upon my separate estate; and if the same should not be paid before my death to my said daughter, then the same shall remain and be a charge upon my separate estate, and be paid her

out of my estate by my executor." This instrument
was acknowledged by the maker, at the time, before
the chancellor of the district, who made a certificate
to that effect, omitting, however, the words "without
compulsion or constraint from her husband." The
complainant excepted to these claims that they were
barred by the statute of limitations.

The notes were of course barred by the statute at
the death of the intestate, and so was the new promise
of 1870 treated as a mere recognition of the existing
debt. The instrument is invalid as a charge upon
realty by conveyance under the act of 1870, ch. 99,
for want of a proper privy examination under that act,
and is not attested nor probated as a will. It is also
not binding as a promissory note. But a married
woman may make a contract in writing expressly
charging her separate estate within the power conferred
independent of the statute: *Litton* v. *Baldwin,* 8 Hum.,
209; *Cocke* v. *Garret,* 7 Baxt., 360. And the charge
will be within the power if no restriction appears to
exist: *Porter* v. *Baldwin,* 7 Hum., 175. If the in-
tention to charge the separate estate is expressed in
the contract, and the separate estate is held absolutely
without restraint upon the power of disposition, equity
will enforce the charge: *Id.*; *Parker* v. *Parker,* 4
Lea, 392; *Yeatman* v. *Bellmain,* 6 Lea, 488; S. C., 1
Tenn. Ch., 589; *Shacklett* v. *Polk,* 4 Heis., 104, 115.
In the instrument of 1870, there is an expressed in-
tention by the maker to charge her separate estate
with the debt to the daughter. The estate was held
without any restraint on the power of disposition. The

only doubt is whether the debt is barred by the statute of limitations. But we think the plain import of the instrument is that the debt shall be paid on or before the death of the maker, otherwise the charge may be enforced at her death. A married woman may fix the time for the enforcement of the charge, as well as the charge itself, and thereby extend the time for the payment of the debt.

Reverse the decree accordingly. By agreement Helen M. Shaw pays all costs.